ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| LIDIA ESTHER SOTOMAYOR COLON Y OTROS<br><br>Apelantes<br><br>v.<br><br>IRIS QUINONEZ CEPEDA Y OTROS<br><br>Apelados | KLAN202301163 | Apelación procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Civil Núm.: BY2020CV02952<br><br>Sobre: Daños |
| --- | --- | --- |

Panel integrado por su presidente, el juez Figueroa Cabán, el juez Bonilla Ortiz, la jueza Mateu Meléndez y la jueza Prats Palerm

**Figueroa Cabán, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico a 21 de febrero de 2024.

Comparecen Lidia Esther Sotomayor Colón y otros, en adelante los apelantes, quienes nos solicitan que revoquemos la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala de Bayamón, en adelante TPI. Mediante la misma, el TPI decretó el archivo sin perjuicio del caso de epígrafe, por no haberse cumplido con las disposiciones de la Regla 69.5 de Procedimiento Civil.

Por los fundamentos que expondremos a continuación, se confirma la *Sentencia* apelada.

### -I-

Los apelantes instaron una *Demanda* sobre acción civil contra Iris Quiñónez Cepeda y otros, en adelante los apelados.[1] Solicitaron al TPI que ordenara a los apelados liquidar la participación de los apelantes en dos corporaciones, así como satisfacer unas sumas de

---

[1] Apéndice de los apelantes, págs. 1-12.

Número Identificador

SEN2024_____

dinero por daños, perjuicios, costas, gastos y honorarios de abogado.

Luego, el foro sentenciador ordenó a los apelantes "mostrar causa del porqué no deba imponérsele fianza de no residente".[2] Además, advirtió que el incumplimiento de la orden podría conllevar el archivo del caso.

Posteriormente, el TPI extendió el término de los apelantes para cumplir con la orden hasta el 7 de mayo de 2023.[3]

En dicho contexto procesal, los apelantes presentaron una *Moción en Torno a Fianza* en la que alegaron que la fianza de no residente es innecesaria, en tanto los copropietarios son residentes de Puerto Rico.[4]

El **18 de septiembre de 2023**, el TPI les impuso una fianza de no residente ascendente a $2,500.00, por no haber cumplido la orden previamente impartida.[5]

En descuerdo, los apelantes presentaron una *Moción Reconsideración en Torno a Orden Entrada No. 270*.[6] Adujeron que cumplieron con la orden a través de la *Moción en Cumplimiento de Orden y en Oposición a Mociones de Desestimación*.[7]

Por su parte, el foro sentenciador determinó lo siguiente: "[t]omando en consideración que el inciso (b) de la Regla 69.5 no aplica porque ambos reclamantes residen fuera de Puerto Rico, a los fines de aplicar la excepción del inciso (c), detalle en 10

---

[2] *Id.*, págs. 15-16.
[3] *Id.*, págs. 18-19.
[4] *Id.*, págs. 20-21.
[5] *Id.*, págs. 55-56.
[6] *Id.*, pág. 57.
[7] *Id.*, págs. 22-27.

días los bienes inmuebles que son objeto de la liquidación en este pleito".[8]

Los apelantes no cumplieron con la orden previamente mencionada. En cambio, optaron por presentar una *Urgente Moción Solicitando Corta Prórroga de Cinco Días*, en la que arguyeron que su representación legal "ha tenido que atender varias comparecencias en los distintos tribunales y atender dos casos en etapa apelativa".[9]

Tras evaluar la solicitud, el TPI la declaró no ha lugar.[10]

Además, afirmó mediante otra *Notificación*, que el término concedido venció el 29 de septiembre de 2023.[11]

En consecuencia, el foro recurrido emitió la siguiente *Sentencia*:

> Este tribunal le impuso a la parte demandante una fianza de no residente por la cantidad de $2,500.00 mediante Orden del 17 de septiembre de 2023, notificada el 18 de septiembre de 2023. En esa misma fecha, la parte demandante solicitó reconsideración, pero la misma fue denegada mediante Resolución del 2 de octubre de 2023.
>
> La Regla 69.5 de Procedimiento Civil dispone que transcurridos sesenta (60) días desde la notificación de la orden del tribunal para la prestación de la fianza, sin que ésta haya sido prestada, el tribunal ordenará la desestimación del pleito.
>
> La parte demandante no ha presentado evidencia alguna sobre la prestación de fianza no residente dentro del término provisto por la Regla 69.5 de Procedimiento Civil.
>
> Ante el incumplimiento con la Regla 69.5 de Procedimiento Civil, se desestima la Demanda instada. Se ordena el archivo sin perjuicio del presente caso, sin especial imposición de costas ni honorarios de abogado.[12]

Insatisfechos, el 28 de noviembre de 2023 con fecha de notificación de **29 de noviembre de 2023**, los

---

[8] *Id.*, págs. 58-59.
[9] *Id.*, pág. 60.
[10] *Id.*, pág. 61.
[11] *Id.*, págs. 62-63.
[12] *Id.*, págs. 66-67.

apelantes presentaron una *Urgente Moción de Reconsideración*.[13] Además de acompañarla con la fianza de no residente, arguyeron que su representante legal presentó una *Moción Informativa*, notificando que estaría fuera de la jurisdicción de Puerto Rico, durante las fechas del 5 al 20 de octubre de 2023. Sin embargo, al regresar, esta presentó una *Moción Solicitando una Corta Prórroga* porque "se encontraba atendiendo distintas responsabilidades". Además, la abogada informó que la fianza se encontraba en proceso, aunque por "error e inadvertencia" no había presentado una moción informando el estatus de aquella.

Mientras, los apelados presentaron una *Urgente Oposición a Reconsideración a la Desestimación*, mediante la cual enfatizaron que, conforme a la Regla 69.5 de las de Procedimiento Civil, los demandantes extranjeros cuentan con 60 días para prestar la fianza de no residente y si no lo hacen, procede la desestimación del pleito.[14] Así pues, adujeron que contrario a esta regla, los apelantes prestaron la fianza el **29 de noviembre de 2023**, "mucho tiempo después del término que había vencido para prestar la misma y ya con una *Sentencia* desestimatoria dictada".[15]

Luego de revisar los escritos a favor y en contra de la reconsideración, el TPI declaró no ha lugar la *Urgente Moción de Reconsideración*.[16]

Aun inconformes, los apelantes presentaron una *Apelación* en la que alegan que el TPI incurrió en los siguientes errores:

---

[13] *Id.*, págs. 68-71.
[14] *Id.*, págs. 72-78.
[15] *Id.* (Énfasis en el original).
[16] *Id.*, pág. 85.

ERRÓ EL TPI EN IMPONER A LA PARTE DEMANDANTE LA PRESTACIÓN DE FIANZA AL AMPARO DE LA REGLA 69.5 A PESAR DE NO SER PROCEDENTE EN DERECHO POR SURGIR DE LA DEMANDA, EXPEDIENTE JUDICIAL Y DECRETOS INTERLOCUTORIOS QUE LAS PARTES SON CODUEÑAS DE BIENES MUEBLES E INMUEBLES SITOS EN PUERTO RICO EN CONTROL DE LA PARTE DEMANDADA ASCENDENTES A CATORCE MILLONES DE DÓLARES.

ERRÓ EL TPI EN DICTAR SENTENCIA POR EL MERO TRANSCURSO DEL TIEMPO SIN HABER TRANSCURRIDO LOS SESENTA (60) DÍAS QUE DISPONE LA REGLA 69.5 CONTADOS A PARTIR DE LA NOTIFICACIÓN DE LA RESOLUCIÓN QUE DECARA [*SIC*.] NO HA LUGAR LA MOCIÓN DE RECONSIDERACIÓN, AUN HABIÉNDOSE PRESENTADO LA CERTIFICACIÓN DE FIANZA DENTRO DEL TÉRMINO DE SESENTA (60) DÍAS.

ERRÓ EL TPI EN DECLARAR NO HA LUGAR LA MOCIÓN DE RECONSIDERACON [*SIC*.] JUNTO A LA PRESTACIÓN DE FIANZA SUBSANANDO EL FUNDAMENTO EN EL QUE EL TRIBUNAL BASÓ SU DETERMINACIÓN E IGNORAR QUE LA PARTE DEMANDANTE HABÍA EXPUESTO MEDIANTE MOCIÓN QUE SE ENCONTRABA EN ESPERA DE LA CERTIFICACIÓN DE LA FIANZA PARA SER PRESENTADA.

Oportunamente, los apelados presentaron su escrito en oposición.

Examinados los escritos de las partes, el expediente y la prueba documental, estamos en posición de resolver.

-II-

A.

La imposición de fianza a personas naturales o jurídicas, no residentes, en la jurisdicción de Puerto Rico, se fundamenta en la Regla 69.5 de las de Procedimiento Civil, que en lo pertinente dispone:

> Cuando la parte reclamante resida fuera de Puerto Rico o sea una corporación extranjera, el tribunal requerirá que preste fianza para garantizar las costas, los gastos y los honorarios de abogados a que pueda ser condenada…
>
> **Transcurridos sesenta (60) días desde la notificación de la orden del tribunal para la prestación de la fianza o de la fianza adicional sin que ésta haya sido prestada, el tribunal ordenará la desestimación del pleito.**
>
> No se exigirá prestación de fianza a las partes reclamantes que residan fuera de Puerto Rico cuando:
>
> > […]

(b) se trate de un copropietario o una copropietaria en un pleito que involucra una propiedad sita en Puerto Rico **y al menos otro de los copropietarios u otra de las copropietarias también es reclamante y reside en Puerto Rico.**

(c) se trate de un pleito instado por un comunero o una comunera para la disolución, liquidación, partición y adjudicación de bienes sitos en Puerto Rico.[17]

Al respecto, el Tribunal Supremo de Puerto Rico ha establecido que el término de 60 días puede ser prorrogado siempre que los reclamantes cumplan los términos y las condiciones que señala la Regla 68.2 de Procedimiento Civil, a saber: (1) ordenar que se prorrogue o acorte el término si así se solicita antes de expirar, o (2) en virtud de una moción presentada, permitir que el acto se realice después de haber expirado el plazo especificado.[18] De lo contrario, el foro sentenciador determinará que el incumplimiento fue injustificado y procederá con la desestimación del pleito. "[D]istinto a como ocurre con otras clases de desestimaciones, en estos casos el tribunal no goza de la discreción para dejar de imponer tal sanción".[19]

**B.**

La desestimación es un pronunciamiento judicial que resuelve el pleito de forma desfavorable para el demandante sin la celebración de un juicio.[20] De este modo, nuestro ordenamiento jurídico dispone varios supuestos en los que una parte puede solicitar la desestimación de una acción en su contra en cualquier etapa del procedimiento.[21] Uno de estos supuestos está regulado por la Regla 39.2(a) de Procedimiento Civil.

---

[17] 32 LPRA Ap. V, R. 69.5. (Énfasis suplido).
[18] 32 LPRA Ap. V, R. 68.2.
[19] *VS PR, LLC v. Drift-Wind*, 207 DPR 253, 264-265 (2021).
[20] R. Hernández Colón, *Práctica Jurídica de Puerto Rico Derecho Procesal Civil*, San Juan, Michie de Puerto Rico, 2018, pág. 411.
[21] *Id.*, pág. 306.

Esta permite, a iniciativa del propio Tribunal o a solicitud del demandado, la desestimación de un pleito, la de cualquier reclamación o la eliminación de alegaciones en casos en que se incumpla con la Regla o cualquier orden del Tribunal.[22]

### -III-

Los apelantes alegan que, así como los apelados son codueños de todos los bienes muebles e inmuebles en disputa, la fianza de no residente es improcedente en derecho por haberse constituido una de las excepciones a la Regla 69.5 de las de Procedimiento Civil, *supra*. Además, arguyen que habían anunciado mediante moción que estaban es espera de recibir la certificación de fianza para presentarla ante el TPI y que una vez la recibieron, la presentaron dentro de los 60 días, según dispone la regla.

En cambio, los apelados arguyen que la fianza de no residente es de carácter mandatorio. En su opinión, a los apelantes no les aplica ninguna de las excepciones de la Regla 69.5 de las de Procedimiento Civil, *supra*, porque ambos residen en Estados Unidos. Por último, insisten en que la moción de reconsideración de los apelantes no paralizó el término para prestar la fianza de no residente. En consecuencia, concluyen que estos prestaron la fianza tardíamente y sostienen como correcta la desestimación del pleito de epígrafe.

Conforme surge del expediente, los apelantes son residentes del estado de Florida en Estados Unidos.[23] Así pues, cónsono con el lenguaje taxativo de la Regla

---

[22] Regla 39.2(a) de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2(a).
[23] Apéndice de los apelantes, pág. 15-16.

69.5 de Procedimiento Civil, *supra*, no les aplica ninguna de sus excepciones. Cabe destacar que el TPI les impuso la fianza de no residente el **18 de septiembre de 2023.** En consecuencia, debieron prestarla en o antes de **17 de noviembre de 2023.** No obstante, la prestaron el **29 de noviembre de 2023.** En la medida en que no solicitaron prórroga, es forzoso concluir que los apelantes incumplieron con el término de 60 días y procedía, mandatoriamente, desestimar el pleito de epígrafe.

**-IV-**

Por los fundamentos antes expuestos, se confirma la *Sentencia* apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones